```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

NORA CAREY-PERKINS,             )
                                )
          Plaintiff,            )
                                )
v.                              )    Case No. CIV-16-253-JHP-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
          Defendant.            )
```

## REPORT AND RECOMMENDATION

Plaintiff Nora Carey-Perkins (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 55 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a customer service representative. Claimant alleges an inability to work beginning January 1, 2010 due to limitations resulting from Graves disease, arthritis, depression, osteoarthritis, visual impairment, and thyroid ablation.

### Procedural History

On July 10, 2013, Claimant protectively filed for disability

insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant also filed a Title II application for disabled widow's benefits on July 10, 2013. Claimant's applications were denied initially and upon reconsideration. On December 18, 2014, Administrative Law Judge Edmund Werre ("ALJ") conducted a hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. On January 13, 2015, the ALJ issued an unfavorable decision. On April 15, 2016, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work. At step five, the ALJ determined Claimant could perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in finding " an errant

RFC which corrupted the five step evaluation".

## RFC Assessment

In his decision, the ALJ determined Claimant suffered from the severe impairments of osteoarthritis, Grave's disease, status post right elbow repositioning, hypertension, visual impairment, and thyroid ablation. (Tr. 23). The ALJ determined Claimant retained the RFC to perform light work. In so doing, he found Claimant could occasionally lift up to 20 pounds and frequently lift/carry up to ten pounds, stand/walk for six hours in an eight hour workday, and sit for six hours in an eight hour workday. Claimant could not engage in overhead reaching with the left non-dominant upper extremity, could not climb ladders, ropes, or scaffolds, and could not be exposed to temperature or humidity extremes, wetness or bright sunshine/lights more than a normal office setting. (Tr. 26).

After consulting with a vocational expert, the ALJ concluded that Claimant retained the RFC to perform her past relevant work as a customer service representative. (Tr. 32). The ALJ also found Claimant could perform the representative jobs of mail sorter and bench assembler, both of which the ALJ concluded existed in sufficient numbers both regionally and nationally. (Tr. 34). The vocational expert also identified the representative jobs of order clerk and telephone solicitor which required skills acquired in

5

Claimant's past relevant work but no additional skills.  Id.  As a result, the ALJ found Claimant was not disabled from January 1, 2010 through the date of the decision.  Id.

Claimant contends the ALJ failed to consider the medical opinion of Dr. Paula McQueen, a treating physician from W.W. Hastings Indian Hospital, in arriving at the RFC.  Dr. McQueen treated Claimant for various conditions including weakness and pain bilaterally in the hands, pain in the elbows and hands and generalized joint pain.  Dr. McQueen also provided medication to treat Claimant's depression.  (Tr. 713-14).  However, Dr. McQueen at no time offered an opinion on the functional limitations brought about by Claimant's conditions.  Claimant refers generally to the entire approximately 600 pages of medical records from W. W. Hastings to ostensibly support the argument that the ALJ should have considered Dr. McQueen's "opinion" but at no time refers to any true medical opinion from this physician.  The ALJ is not required to consider the treating record as an opinion when it does not provide information as to the nature and severity of a claimant's physical limitations or activities he could not perform.  Cowan v. Astrue, 552 F.3d 1182, 1189 (10th Cir. 2008). The ALJ stated in his opinion that he reviewed the W. W. Hastings medical records, including those authored by Dr. McQueen in reaching his decision.  That is sufficient to satisfy his obligation.

For her part, Claimant's elbow and hand conditions were treated with injections and physical therapy in 2013. (Tr. 429). Claimant reported improvement in finger stiffness and grip strength. (Tr. 1003). In November of 2014, Claimant reported chronic neck and left shoulder pain but only rated her body aches on a scale of 5 out of 10. (Tr. 926). Dr. McQueen did not alter her treatment regimen. (Tr. 929).

The ALJ relied upon the true opinions offered by state agency physicians Dr. James Metcalf and Dr. Charles Clayton, giving their opinions "great weight". (Tr. 32). The opinions were consistent that Claimant's functional limitations permitted her to perform light work. Id. The ALJ found the opinions were (1) consistent with the evidence of record, which revealed normal to minimal objective radiological findings regarding Claimant's cervical spine, shoulders, knees, elbows and hands; (2) supported by the conservative and effective treatment received by Claimant for her conditions; and (3) consistent with Claimant's activities of daily living, noting postural limitations due to positive impingement signs in the left shoulder and visual limitations. Id. These considerations find support in the law. Raymond v. Astrue, 621 F.3d 1269, 1272 (10th Cir. 2009)(ALJ may rely upon whether an opinion is consistent with the medical evidence); 20 C.F.R. § 404.1529(c)(3)(iv)-(v)(ALJ must consider the type and effectiveness

of treatment); 20 C.F.R. § 404.1529(c)(3)(i)(ALJ must consider a claimant's activities).

Claimant also contends the hypothetical questions posed to the vocational expert should have included additional hand limitations. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning did mirror Claimant's impairments and his RFC findings.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration

should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE